THOMAS J. JOYCE, PLAINTIFF, v. MILTON P. BAUMAN, DEFENDANT.

Submitted October 14, 1932—Decided March 25, 1933.

Before Justices TRENCHARD and CASE.

For the prosecutor of the rule, *Harry A. Stiles.*

For the plaintiff-respondent, *Harry W. Doremus.*

PER CURIAM.

Judgment was entered by default in the Supreme Court on June 10th, 1931, in an action by Thomas J. Joyce against Milton P. Bauman for rent from October 1st, 1930, to May 31st, 1931. The defendant prosecutes a rule to show cause why the judgment should not be opened and the defendant be permitted to enter a defense. The summons by which the rent action was instituted was tested and actually issued March 3d, 1931, one month before the accrual of the April rent and two months before the accrual of the May rent, assuming that the rental for three months did become due as alleged in the complaint.

Plaintiff alleges that the summons was served by being left with a colored maid at the usual place of abode of the defendant. Defendant denies the sufficiency of the writ and

also the legality of the service. It appears, without reasonable dispute in the proofs, that the defendant had no knowledge that the action had been instituted until during or about the month of November, 1931, when he found the summons and complaint in a desk where the illiterate maid, under the impression that the papers had no value, had placed them. It also fairly appears that the defendant has a sufficiently meritorious defense to a substantial part of the action to justify the presentation of the same to a jury.

The inclusion in the complaint of a right of action arising subsequent to the issue of the summons was, we think, clearly irregular. Also, the absence of the defendant, his wife and children from the residence over a period of seven months, the house being left unoccupied except by a maid as caretaker, was such as to raise a serious doubt whether the premises, during that interval—and it was during that period that the attempted service was had—constituted the defendant's usual place of abode. The defendant has now appeared and submits to the jurisdiction of the court.

Our conclusion is that the rule should be made absolute to the extent that the judgment be opened, the defendant permitted to answer and the cause proceed regularly therefrom, costs to abide the event.